UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al., | CASE NO. C22-1183 MJP |
| Plaintiffs, | ORDER ON EX PARTE MOTIONS |
| v. | |
| AUTOSPEEDSTORE, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motion to File Over-length Motion (Dkt. No. 12), Ex Parte Motion for Expedited Discovery (Dkt. No. 13), and Ex Parte Motion for Extension of Rule 26 Deadlines (Dkt. No. 14). Having reviewed the Motions and all supporting materials, and held a hearing on January 9, 2023, the Court GRANTS the Motions.

**BACKGROUND**

Plaintiffs Amazon.com Inc., Amazon.com Services LLC, and King Technology Inc. claim that Defendants advertised and sold counterfeit FROG-branded water santizing products in violation of King Technology's intellectual property rights. (See Complaint ¶¶ 1, 9-10, 28, 34-

1  36, 40-73.) Plaintiffs pursue various trademark claims and a claim under the Washington

2  Consumer Protection Act. (See id.)

3       Plaintiffs seek leave to serve third-party subpoenas to identify the many defendants

4  named in this action. (Dkt. No. 11.) The request itself comes with a certain amount of irony.

5  Despite a purportedly "robust seller verification process," Amazon approved these seller

6  accounts—allowing them to sell goods on Amazon's platform—without actually verifying the

7  identities of the individuals behind them. The names of the seller accounts themselves should

8  likely have raised some red flags as to whether they were legitimate. (See Mot. for Expedited

9  Discovery at 2 n.1.) But as part of this lawsuit, Amazon claims to have performed some

10 investigation and discovered that defendants provided false addresses that do not exist or

11 addresses for residences or even hotels that have no connection to the seller accounts. (See

12 Declaration of Scott Commerson ¶¶ 3-7 (Dkt. No. 13-2).) And seven of the seller accounts listed

13 an address in Oceanside, New York that Plaintiffs now believe may have been used by twenty-

14 three seller accounts to further the counterfeit sales. (Id. ¶ 8.) Plaintiffs now seek leave to serve

15 third-party subpoenas on entities with whom Defendants have accounts or appear associated so

16 that Plaintiffs might be able to identify the entities and persons associated with the seller

17 accounts for purpose of completing service. The third-party entities are: Payoneer, Inc.;

18 PingPong Global Solutions Inc.; Microsoft Corporation; and Jen Lighting (whose Oceanside

19 warehouse is believed to have been involved). Plaintiffs maintain the subpoenas are intended

20 only to allow them to identify the underlying individuals and entities associated with the seller

21 accounts for purpose of completing service. (Id. ¶ 12.)

22

23

24

1

**ANALYSIS**

2  **A.    Motion for Overlength Brief**

3          The Court finds good cause to allow for the additional pages that have been requested.

4  While the six pages allowed by the Local Rules should have sufficed, the Court finds that the

5  additional pages were not unreasonably included. The Court GRANTS the Motion.

6  **B.    Motion for Expedited Discovery**

7          Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any

8  source before the parties have conferred as required by Rule 26(f), except in a proceeding

9  exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by

10 stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts may permit expedited discovery

11 before the parties' Rule 26(f) conference only upon a showing of good cause. See Am. LegalNet,

12 Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). "Good cause may be found where

13 the need for expedited discovery, in consideration of the administration of justice, outweighs the

14 prejudice to the responding party." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273,

15 276 (N.D. Cal. 2002). "Factors commonly considered in determining the reasonableness of

16 expedited discovery include, but are not limited to: (1) whether a preliminary injunction is

17 pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited

18 discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in

19 advance of the typical discovery process the request was made." Am. LegalNet, 673 F. Supp. 2d

20 at 1067 (internal quotation marks omitted). But at a minimum, the moving party must

21 demonstrate adequate diligence and good faith to satisfy the "good cause" standard. See Johnson

22 v. Mammoth Recreations, Inc., 975 F.2d 604, 609l (9th Cir. 1992); see also Amazon.com, Inc. v.

23 Yong, No. 21-170RSM, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021).

24

1   The Court here finds good cause to allow the expedited discovery. Plaintiffs seek the

2   discovery to enable them to identify Defendants and effectuate service. Counsel avers that they

3   have undertaken extensive efforts to identify the true identities of Defendants and their addresses

4   for service without any luck. (See Commerson Decl. ¶¶ 2-8.) The Court contrasts this diligence

5   with Amazon's apparent lack of diligence when it allowed Defendants to open seller accounts on

6   its platform in the first instance. But given the procedural posture, the diligent investigation

7   conducted to date, and the fact that Plaintiff King Technology Inc. had no apparent role in

8   allowing these sellers to open accounts with Amazon, the Court finds there to be sufficient

9   diligence to satisfy good cause. Expedited discovery will allow the claims asserted to proceed if

10  Plaintiffs can properly identify and serve Defendants. This does not appear to allow Plaintiffs

11  any unfair advantage or reward bad faith. Instead, the interests of justice will be served by

12  allowing this departure from the normal discovery rules to help Plaintiffs complete service. And

13  the Court does not find that Defendants face any prejudice from allowing this limited relief. The

14  Court therefore GRANTS the Motion for Expedited Discovery.

15  **C.    Motion to Extend Rule 26(f) Deadlines**

16          Given that Plaintiffs do not currently know how to serve Defendants, the Court finds that

17  the current deadlines for the initial disclosures, Rule 26(f) conference, and Joint Status Report

18  shall be stayed until Plaintiffs have completed the expedited discovery and attempted service.

19  Plaintiffs must provide a status report to the Court within 60 days of entry of this Order to update

20  the Court on the results of the third-party discovery and all efforts to identify and serve

21  Defendants.

22

23

24

1

## CONCLUSION

2          The Court GRANTS all three Motions. Plaintiffs are granted leave prior to the Rule 26(f)

3    conference to serve Rule 45 subpoenas on: (1) Payoneer, Inc.; (2) PingPong Global Solutions

4    Inc.; (3) Microsoft Corporation; and (4) Jen Lighting. Plaintiffs shall provide a copy of this

5    Order with each subpoena issued pursuant to this Order. The Court STAYS the initial deadlines

6    until further Court Order. But Plaintiffs must provide a status report within 60 days of entry of

7    this Order to update the Court as set forth above.

8          The clerk is ordered to provide copies of this order to all counsel.

9          Dated January 11, 2023.

10

11                                                    Marsha J. Pechman
                                                      United States Senior District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON EX PARTE MOTIONS - 5